Roane J.
Although an-assumpsit is the very gist *242 of this action, yet I would always incline to sustain a where one is laid, however irregular the expressions to that effect may be, especially after a verdict. But it must be positively charged, otherwise the declaration does not set out a sufficient cause of action, to entitle the plaintiff to recover.
In this declaration it is no where averred, that the defendant promised to pay the money, and in this respect, it is no way distinguishable from the case of Lee v. Welch, 2 Str. 793. In that case, the declaration ran thus, “ that the defendant being indebted to the plaintiff for goods sold and delivered, would well and truly content and pay,” leaving out the words and in consideration thereof assumed upon himself and then and there promised, &c. After judgment by default, it was arrested, there being no promise actually laid.
In the present case there is a verdict, and the question is, whether this will cure the defect in the declaration ? In the case of Avery v. Hoole, Cowp. Rep. 825, it is said, that although a verdict will cure ambiguity, it will not aid where the gist of the action is not laid in the declaration. And the rule laid down by the English Judges, that a verdict will supply whatever must of necessity have been proved to the jury, is supposed not to extend to cases where the gist of the action is omitted.
So, too, that clause in our act of Jeofails, which dec^aresJ “ that a verdict shall cure the omission of the averment of any matter, without proving which, the jury ought not to have given such a verdict,” cannot be construed to cure the want of an averment of the cause of action, for in such a case no judgment can be given.
But it was contended, that the following words in the latter part of the declaration, “ who notwithstanding promising to pay said money, &c.” amount to an averment of a promise; but the promise ought to be directly averred, and not by way of inference. I think the judgment ought to be affirmed.
*243 The Court affirmed the judgment of the District Court.([1])

(1) Chichester v. Vass, 1 Call. 98. Cook v. Simms, Kerr v. Dixon, 2 Call. 39. 382. Moor’s adm. v. Dawney, et al. 3 Hen. & Munf. 127. 134. Syme v. Griffin, 4 Hen. & Munf. 277. 280. Laughlin v. Hood, 3 Munf 255. 262. Daniel v. Morton, Donaghe v. Ranken, 4 Munf 120. 261.